IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MAUREEN RATTRAY<br><br>Plaintiff,<br><br>v.<br><br>WOODBURY COUNTY, IOWA<br><br>Defendant. | No. _____<br><br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the plaintiff, Maureen Rattray, and for her cause of action against defendant Woodbury County, Iowa, states the following:

## INTRODUCTION

1. This is an action brought to redress the deprivation—under color of policy, regulation, official decision, custom, or usage—of a right secured to plaintiff by 42 U.S.C. §1983 arising under the fourth amendment, incorporated to the states through the fourteenth amendment, to the United States Constitution.

2. The unlawful acts alleged herein occurred in Woodbury County, Iowa.

## PARTIES

3. Plaintiff, Maureen Rattray, is a citizen and resident of the State of Nebraska and was at all times material hereto a citizen and resident of South Sioux City, Nebraska.

4. Defendant Woodbury County, Iowa, is a municipality duly incorporated under the laws of the State of Iowa.

5. At all times mentioned herein, the jailers referred to throughout this complaint acted under color of law, under color of the regulations, policies, official decisions, customs, or usages of the State of Iowa and Woodbury County.

6. At all times mentioned herein, the jailers referred to throughout this complaint acted within the scope of their employment.

## JURISDICTION

7. Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

8. Venue is appropriate in this district under 28U.S.C. §§ 1391(b).

## PROCEDURAL REQUIREMENTS

9. Plaintiff filed this complaint within six (6) months of the wrongful conduct alleged herein, in accordance with Iowa Code § 670.5.

## FACTUAL BACKGROUND

10. On August 19, 2006, Sioux City Police Department officers arrested plaintiff at approximately 2:05 a.m. for Operating While Intoxicated, a violation of Iowa Criminal Code § 321J.2.

11. Violation of Iowa Criminal Code § 321J.2—first offense—is a serious misdemeanor.

12. Plaintiff's charge for Operating While Intoxicated is reflected in *State of Iowa v. Maureen Rattray*, Woodbury County District Court, Case No. OWCR 069768.

13. After her arrest, Sioux City Police Department officers took plaintiff to the Woodbury County Jail to be booked.

14. Woodbury County Sherriff's deputies booked plaintiff at approximately 3:10 a.m. on August 19, 2006.

15. Woodbury County Sherriff's deputies inventoried plaintiff's property at or about 3:20 a.m. on August 19, 2006.

16. After completing the initial phase of the booking procedure, Woodbury County Sherriff's deputies placed plaintiff in an adjacent room and a jailer, "Female Jailer #1," instructed her to remove her clothes for a strip search.

17. Female Jailer #1 was approximately 5'5" tall with blonde hair.

18. Before removing her clothes, plaintiff asked Female Jailer #1 if the jailer would shut the door because plaintiff did not want the men outside of the door to see her naked.

19. Female Jailer #1 refused plaintiff's request to shut the door.

20. As the plaintiff removed her pants, she began to cry.

21. A second woman, "Female Jailer #2," entered the room and mocked the plaintiff for crying.

22. While still mocking her, Female Jailer #2 ripped the plaintiff's halter top off of her body.

23. Next, the plaintiff told both Female Jailer #1 and Female Jailer #2 that she was on her menstrual cycle and was accordingly wearing a tampon.

24. One of the female jailers instructed the plaintiff to remove the tampon and in response the plaintiff asked if she could first put on a jail suit and then remove the tampon.

25. Female Jailers #1 and #2 refused the plaintiff's request to put on a jail suit before removing her tampon.

26. The plaintiff then realized that she was not wearing a tampon.

27. When the plaintiff informed Female Jailer #1 and Female Jailer #2 that she was not wearing a tampon, Female Jailer #2 shoved the plaintiff up against the wall and performed a cavity search of the plaintiff's vagina.

28. After performing that cavity search of the plaintiff's vagina, Female Jailer #2 stated, "There's nothing."

29. Female Jailers #1 and #2 then handed the plaintiff a jail suit and led her to her cell without allowing her to put on the jail suit as the jailer paraded plaintiff to her cell, which was the cell farthest down the hallway.

30. Because the jailers did not allow her to put on her jail suit before going to her cell, plaintiff's only option was to clutch the orange jumpsuit to her front side in an attempt to cover her breasts and front genitals, leaving plaintiff unable to shield her entirely nude backside and buttocks.

31. As she walked down the cell halls, the plaintiff noticed a few men watching her.

32. Female Jailer #2 placed plaintiff in the last cell at the end of a hallway.

33. Upon entering the cell, Female Jailer #2 placed the plaintiff face down on the bed and held the plaintiff down by putting her knee in the plaintiff's back.

34. As the plaintiff screamed and cried, Female Jailer #2 performed a second cavity search of the plaintiff's vagina and genital area.

35. Following the second cavity search, the plaintiff put on her jail suit and remained in her cell until released.

36. Plaintiff was traumatized by the strip and cavity searches perpetrated on her on August 19, 2006 at the Woodbury County Jail.

37. Plaintiff pled guilty to Operating While intoxicated—first offense—in violation of Iowa Code section 321J.2, a serious misdemeanor.

38. The Woodbury County Sherriff's Department has a written policy that states: "[a] person arrested for a scheduled violation (code citation) or simple misdemeanor SHALL NOT BE STRIP SEARCHED unless there is probable cause to believe the person is concealing a weapon or contraband." JSOP 4.7 (emphasis in original).

39. The defendant thus has a policy, regulation, official decision, custom, or usage for those arrested for a scheduled violation (code citation) or simple misdemeanor that protects such arrestees' fourth amendment rights.

40. The Woodbury County Sherriff's Department's policy, regulation, official decision, custom, or usage for strip/cavity searching those arrested for offenses *other than scheduled violations (code section) or simple misdemeanors* is that arrestees can be and are strip/cavity searched, as was plaintiff without at least a reasonable suspicion, based on articulable facts, that the arrestee is concealing contraband or a weapon, and without regard to the scope of the particular intrusion, the manner in which the strip/cavity search is conducted, the justification for initiating the strip/cavity search, and the place in which the strip/cavity search is conducted.

41. The defendant thus has a policy, regulation, official decision, custom, or usage for those arrested for anything other than a scheduled violation (code citation) or simple misdemeanor that violates such arrestees' fourth amendment rights.

42. Defendant Woodbury County's need for strip/cavity searching the plaintiff did not outweigh the invasion of personal rights entailed in such a search.

43. The policy, regulation, official decision, custom, or usage relied upon by Woodbury County jailers to strip/cavity search plaintiff violated her right to be free from unreasonable searches and seizures as guaranteed by the fourth amendment of the United States Constitution.

44. Defendant's violation of plaintiff's constitutional rights damaged her.

## COUNT I-

## UNREASONABLE SEARCH AND SEIZURE OF PERSON IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

45. The Woodbury County Sherriff's Department's policy, regulation, official decision, custom, or usage for strip/cavity searching those arrested for offenses *other than scheduled violations (code section) or simple misdemeanors* is that arrestees can be and are strip/cavity searched, as was plaintiff without regard to the scope of the particular intrusion, the manner in which the strip/cavity search is conducted, the justification for initiating the strip/cavity search, and the place in which the strip/cavity search is conducted.

46. Defendant Woodbury County, through its agents, servants and employees in their official capacities, established a policy, regulation, official decision, custom, or usage reckless or deliberate indifference to the rights of persons in the position of the plaintiff.

47. Defendant Woodbury County has established, maintained and enforced policies, regulations, official decisions, customs, or usages which unconstitutionally deprive its citizens of the right to be free of unreasonable searches and seizures as guaranteed by the fourth amendment to the United States Constitution.

48. Woodbury County and its policy makers had actual or constructive knowledge of the strip/cavity search policy, regulation, official decision, custom, or usage applied to those arrested for something other than a scheduled violation (code citation) or simple misdemeanor.

49. Plaintiff was subjected to this official Woodbury County Sheriff's Department policy, regulation, official decision, custom, or usage when she was unreasonably searched.

50. Defendant Woodbury County's policy, regulation, official decision, custom, or usage in general and as against plaintiff in particular, was purposeful and intentional.

51. During all times mentioned herein, the unconstitutional strip/cavity searches performed on plaintiff at the Woodbury County Jail by Woodbury County jailers were executed under color of state law.

52. Defendant Woodbury County deprived plaintiff of the rights guaranteed to her under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

53. Plaintiff has been damaged as a direct and proximate result of Defendant's acts and omissions as set out in this complaint.

WHEREFORE, Plaintiff Maureen Rattray prays for judgment against defendant Woodbury County, in an amount which will fully and fairly compensate her for her injuries and damages, for attorneys' fees, for interest and costs as allowed by law and for such other and further relief as may be just in the premises.

## JURY DEMAND

COMES NOW the plaintiff, Maureen Rattray, and respectfully requests a trial by jury on her claims.

      /s/ Jean Pendleton_____
Jean Pendleton  IA AT 0006150
PENDLETON LAW FIRM, P.C.
1501 42nd Street, Suite 445
West Des Moines, Iowa 50266
Telephone: (515) 222-9111
Facsimile: (515) 243-0299
jpendleton@pendletonlawfirm.com

ATTORNEY FOR PLAINTIFF

Original filed and served.

T:\Pendleton Law Firm\Litigation\Rattray, Maureen  16101\Pleadings\Draft\Complaint and Jury Demand.doc