# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 09-2314

Maureen Rattray; Lisa Lambert;
Lori Mathes,

   Appellants,

v.

Woodbury County, IA; Glenn J. Parrett,
Individually and as Sheriff of
Woodbury County; Robert E. Aspleaf,
individually and as Assistant Chief/
Deputy of Woodbury County,

   Appellees.

Appeal from the United States
District Court for the
Northern District of Iowa.

Submitted: June 15, 2010
Filed: August 5, 2010

Before RILEY, Chief Judge, CLEVENGER,[1] and COLLOTON, Circuit Judges.

COLLOTON, Circuit Judge.

  Maureen Rattray filed a lawsuit against Woodbury County, Iowa ("the County"), alleging that she was strip searched illegally as part of the booking process

---

[1]The Honorable Raymond C. Clevenger, III, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

at the Woodbury County Jail. Rattray subsequently moved to certify a class action. The district court[2] denied Rattray's motion, ruling that Rattray failed to convince the court that she would adequately represent the interests of the class, as required by Federal Rule of Civil Procedure 23(a)(4), and that she did not satisfy any of the prerequisites of Federal Rule of Civil Procedure 23(b) for maintenance of a class action. Rattray brought this interlocutory appeal, and we affirm.

I.

On February 13, 2007, Rattray filed a complaint against the County and made the following factual allegations. At around 2:05 a.m. on August 19, 2006, Sioux City police officers arrested Rattray for first-offense driving under the influence, which is a serious misdemeanor in Iowa punishable by a minimum of forty-eight hours in jail. Iowa Code § 321J.2. The officers took Rattray to the Woodbury County Jail for booking. Before placing Rattray in a holding cell, two female jailers ordered Rattray to remove her clothes for a strip search, and Rattray complied. The jailers performed a cavity search of Rattray's vaginal and genital area. While still naked, Rattray was escorted to a holding cell. Inside the holding cell, the jailers performed a second cavity search before permitting Rattray to dress in a jail uniform.

Rattray's initial complaint alleged that the strip search and cavity search were conducted without reasonable suspicion to believe that she possessed a weapon or contraband, and thus constituted a violation of her Fourth Amendment right against unreasonable searches. In addition, paragraph 40 of the complaint asserted that "[t]he Woodbury County Sherriff's [sic] Department's policy, regulation, official decision, custom, or usage for strip/cavity searching those arrested for offenses *other than scheduled violations (code section) or simple misdemeanors* is that arrestees can be

---

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

and are strip/cavity searched, as was [Rattray,] without at least a reasonable suspicion" that the arrestee possessed a weapon or contraband. Paragraph 41 continued that the County "thus has a policy, regulation, official decision, custom, or usage for those arrested for anything other than a scheduled violation (code citation) or simple misdemeanor that violates such arrestees' fourth amendment rights."

On October 15, 2007, Rattray moved for leave to amend her complaint to assert a class action. Rattray asserted in the motion that she had learned through discovery in August 2007 that the County had a policy requiring strip searches for all arrestees who were accused of a serious misdemeanor. Under the policy, the existence of which the County admitted, an individual arrested for a serious misdemeanor was strip searched without regard to whether jailers reasonably suspected that the arrestee possessed a weapon or contraband. Rattray sought to represent a class of "[a]ll persons arrested for a serious misdemeanor and strip searched pursuant to defendant jail's across-the-board strip search policy." On October 31, a magistrate judge granted Rattray's motion for leave to amend, ruling that Rattray had shown good cause for not amending her complaint as a matter of right within the time limits of Federal Rule of Civil Procedure 15(a).

Rattray filed her amended complaint on October 31. The new complaint added factual allegations that pertained to the proposed class, and asserted that the claims of the potential class members "are all based on a single, unwritten, across-the-board strip search policy." Rattray sought damages on behalf of the class, attorneys' fees, interest and costs, and other relief deemed appropriate. The amended complaint also requested declaratory and injunctive relief that would prohibit the County from strip searching, without reasonable suspicion, arrestees booked into the jail.

On April 28, 2008, nearly six months after filing her amended complaint, Rattray moved to certify the class. Rattray's brief in support of her motion alleged that the proposed class consisted of an estimated 1757 individuals arrested on serious

-3-

misdemeanor charges from February 13, 2005, to October 15, 2007, the date on which the County discontinued the strip search requirement for arrestees accused of serious misdemeanors. Rattray asserted that the class action could be brought under Federal Rule of Civil Procedure 23(b)(3), which allows certification when common questions of law or fact "predominate" over individual questions and a class action is "superior" to other methods of adjudicating the controversy, or under Rule 23(b)(1)(A), which permits certification when actions by individual class members create the risk of "inconsistent or varying adjudications" that would establish "incompatible standards of conduct" for the defendant.[3]

The County resisted the motion to certify. The County challenged Rattray's assertion that she did not move for class certification earlier because she did not learn of the blanket strip search policy until discovery. Paragraph 40 of Rattray's initial complaint, according to the County, showed that Rattray was aware of the policy when she filed the complaint. While not questioning the capabilities of Rattray's counsel, the County argued that the delay in moving for class certification suggested that Rattray did not meet Rule 23(a)(4)'s requirement that the class representative would "fairly and adequately protect the interests of the class."

The County also contended that the class action could not be maintained under Rule 23(b)(3), because with respect to each member of the class, the court would be required to determine whether jailers had an objective basis for reasonable suspicion to support the strip search. The County argued that the question whether jailers had an objective basis for reasonable suspicion was specific to the facts of each case. In the County's view, the adjudication of an individual class member's claim would not

---

[3] After moving to certify a class, Rattray consolidated her case with those of Lisa Lambert and Lori Mathes, who also alleged that they were strip searched at the Woodbury County Jail after arrests for serious misdemeanors. She also added Woodbury County Sheriff Glenn Parrett and Assistant Chief/Deputy Robert Aspleaf as defendants.

-4-

affect any other individual claim, and thus certification under Rule 23(b)(1) also would be inappropriate.

The district court denied Rattray's motion to certify the class. *Rattray v. Woodbury County*, 253 F.R.D. 444 (N.D. Iowa 2008). The court determined that Rattray met the requirements of Rule 23(a)(1) through (3), but it was "not convinced" that Rattray would adequately represent the class, as required by Rule 23(a)(4). *Id.* at 457. In light of paragraph 40 of the initial complaint, the court found Rattray's claim "that she only recognized the potential for class litigation in August 2007 [to be] seriously suspect," suggesting that Rattray could have filed a complaint on behalf of the class well before October 2007. *Id.* at 456. But "even more disturbing," the court believed, was that nearly six months elapsed between the filing of the amended complaint and the filing of the motion to certify the class action in April 2008. *Id.* While opining that Rattray's attorneys were "otherwise very capable and experienced," the court concluded that the course of litigation to that point evinced Rattray's "apparent lack of zeal to represent a class," and the inexperience of Rattray's counsel in class action litigation. *Id.* at 456-57.

The district court then assumed for the sake of argument that Rattray satisfied Rule 23(a)(4), and proceeded to consider whether the class action could have been brought under one of the subsections of Rule 23(b). With respect to Rule 23(b)(3), the court rejected Rattray's argument that because class members were strip searched pursuant to the blanket jail policy, common questions predominated over individual ones. The court concluded that the predominant question was whether reasonable suspicion existed to justify strip searches of putative class members, and that the time-consuming review of each class member's arrest and jail records would "dwarf[] every other issue" in the case. *Id.* at 462-63. For the same reason, the district court ruled that a class action was not superior to other methods of adjudicating the dispute. *Id.* at 464-65. As to Rule 23(b)(1)(A), the court cited Rattray's concession in her certification motion that there was little risk of inconsistent judgments, and therefore

-5-

rejected Rattray's argument that certification was proper under this subsection. *Id.* at 458-59.

Rattray petitioned this court, pursuant to Federal Rule of Civil Procedure 23(f), to permit an interlocutory appeal of the district court's ruling. An administrative panel of the court granted the petition, and the case was assigned to this panel for decision.

II.

The district court may grant a motion to certify a class action only if the putative class representative satisfies all four of the requirements set forth in Federal Rule of Civil Procedure 23(a), and the class action satisfies one of the three subsections of Federal Rule of Civil Procedure 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). In common shorthand, the requirements for class actions under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Id.* at 613. The district court ruled that Rattray satisfied the first three Rule 23(a) requirements, but that she failed to convince the court on the fourth.

Rule 23(a)(4) permits certification of a class action only if the representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The party moving for certification bears the burden to prove that she will adequately represent the class. *Bishop v. Comm. on Prof'l Ethics & Conduct*, 686 F.2d 1278, 1288 (8th Cir. 1982). The district court must decide whether Rule 23(a)(4) is satisfied through balancing "the convenience of maintaining a class action and the need to guarantee adequate representation to the class members." *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1061 (8th Cir. 1975). The district court is accorded broad discretion to decide whether certification is appropriate, and we will reverse only for abuse of that discretion. *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 436 (8th Cir. 1999); *Bishop*, 686 F.2d at 1287.

Rattray contests the district court's determination that she failed to prove that she would be an adequate representative for the class.[4] She argues that the district court ignored the earlier ruling of the magistrate judge granting her leave to amend the complaint, in which the court found that Rattray had good cause for not asserting a class action at an earlier date. Rattray also points to the "many depositions" and "hundreds of pages of documents, including the records of those arrested for serious misdemeanors" as evidence of her adequacy as class representative. In sum, Rattray contends that the district court's concerns about her adequacy as class representative were unfounded, and that the district court abused its discretion.

We respectfully disagree. The magistrate judge's determination that Rattray had good cause for not asserting a class action before October 2007 did not dictate the conclusion on the separate motion to certify a class. Whereas courts should "freely give leave" to amend pleadings, Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962), they must conduct a "rigorous analysis" to determine whether the prerequisites for a class action under Rule 23(a) are satisfied. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). The inquiry into adequacy of representation, in particular, requires the district court's close scrutiny, because the purpose of Rule 23(a)(4) is to ensure due process for absent class members, who generally are bound by a judgment rendered in a class action. *See Hansberry v. Lee*, 311 U.S. 32, 41 (1940).

We agree with the district court's conclusion that Rattray's initial complaint, at a minimum, forecasts that a broad strip search policy was in effect at the county jail. Paragraph 40 specifically alleged that the "policy, regulation, official decision, custom, or usage" of the Sheriff's Department was to conduct strip searches and

---

[4]Rattray asserts that the district court did not explicitly identify Rule 23(a)(4) as a basis for denying her motion for class certification. Rattray, however, bore the burden to prove adequacy of representation, and the district court stated plainly that it was "not convinced" that Rattray was an adequate representative.

-7-

cavity searches without reasonable suspicion. Paragraph 41 alleged that this policy or practice violated the Fourth Amendment rights of arrestees at the jail. Accepting that these allegations were made in good faith, Rattray and her counsel knew when she filed the complaint in February 2007 that a potential class existed, or at least that there was reason to investigate the matter promptly. Yet Rattray did not amend her complaint to assert a class action on behalf of other arrestees until October 2007.

Even beyond that lapse in time, the district court was most concerned about the nearly six-month period from the filing of the amended complaint to the filing of the motion to certify the class. Including this delay, over fourteen months passed between the filing of the initial complaint and the motion to certify. Rattray's failure to move to certify with alacrity undermines confidence in the zeal with which she would represent the interests of absent class members. *See E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977). A failure of the putative class representative to assure the court that it will vigorously pursue the interests of class members is a sufficient basis to deny certification. *Monroe v. City of Charlottesville*, 579 F.3d 380, 385 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740 (2010); *see* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1766, at 373 (3d ed. 2005) ("[T]he failure of the representative to move for class certification in a timely fashion or otherwise to prosecute the action is a clear indication that the named party is not an adequate representative.").

We also cannot quarrel with the district court's suggestion that "counsel with any experience litigating class actions could reasonably be expected to assess pertinent evidence and to file a motion to certify a class in much less than six months after filing a class claim." *Rattray*, 253 F.R.D. at 456. The experience and capability of the representative's counsel bears upon the adequacy of the representative. *E.g., Amchem*, 521 U.S. at 626 n.20; *Fendler v. Westgate-Cal. Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975); *see* 7A Wright, Miller & Kane, *supra*, § 1769.1, at 448-53. Our review of the record does not reveal any explanation for the substantial delay between the filing of the amended complaint and the filing of the certification motion. Having worked with

-8-

counsel for more than a year in this case, the district court has a better vantage point from which to determine whether the delay in moving for certification suggests that Rattray's counsel would not effectively pursue the interests of absent class members. *See McCarthy v. Kleindienst*, 741 F.2d 1406, 1410 (D.C. Cir. 1984) ("[T]rial courts, charged with the orderly management of litigation, are uniquely well situated to make class certification decisions.").[5]

We conclude that there were sufficient grounds for the district court to decide that Rattray failed to meet her burden to prove that she "will fairly and adequately protect the interests of the class," as required by Federal Rule of Civil Procedure 23(a)(4). The district court did not abuse its broad discretion in denying the motion for class certification on that basis. Because we affirm the district court's ruling as to adequacy of representation under Rule 23(a)(4), we need not address the district court's alternative conclusions regarding Rule 23(b).

\* \* \*

The district court's order denying Rattray's motion to certify a class is affirmed.

---

[5] Although we think the district court appropriately questioned the failure of Rattray's counsel to move for certification within a reasonable time, the court's unqualified statement that Rattray failed to show that her counsel had "*any* experience with litigating class actions" is not supported by the record. One of Rattray's counsel did aver that she served as co-counsel in a class action that resulted in a settlement and was associated with another attorney in a class action that was not certified. (R. Doc. 18, at 29-30).