# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MAUREEN RATTRAY, LISA LAMBERT, and LORI MATHES,<br><br>Plaintiffs,<br><br>vs.<br><br>WOODBURY COUNTY, IOWA, GLENN J. PARRETT, individually and as Sheriff of Woodbury County, and ROBERT E. ASPLEAF, individually and as Assistant Chief/Deputy Sheriff of Woodbury County,<br><br>Defendants. | No. C07-4014-MWB<br><br>(No. C08-4008-MWB)<br>(No. C07-4032-MWB)<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE ON THE SUMMARY JUDGMENT RULING AND JURY VERDICT AS TO CLAIMS OF PLAINTIFF RATTRAY** |

_____

These three cases were consolidated for all purposes with plaintiff Rattray's case, Case No. C 07-4014-MWB, as the lead case. *See* Order (docket no. 56). The court subsequently granted summary judgment in favor of plaintiff Rattray on her claim that the defendants are not entitled to qualified immunity and that they did violate her rights under the Fourth Amendment to the United States Constitution by subjecting her to a strip search without reasonable suspicion. *See* Memorandum Opinion And Order Regarding Plaintiffs' Motion For Partial Summary Judgment (docket no. 104). However, the court denied the plaintiffs' motion for partial summary judgment as to the liability and damages claims of plaintiffs Mathes and Lambert, and severed plaintiff Rattray's damages claim for separate trial. *Id.* Trial on plaintiff Rattray's damages claims was set for January 18, 2011, and the separate trial on the liability and damages claims of plaintiffs Mathes and Lambert is

set for March 28, 2011. *Id.* After the jury trial on plaintiff Rattray's damages claims, the jury handed down an amended verdict awarding plaintiff Rattray $250,000 for past emotional distress damages, $5,500 for future emotional distress damages, $3,155 for past medical expenses, and $500 for future medical expenses. *See* Amended Verdict Form (docket no. 133).[1]

The court now finds that it is appropriate to direct entry of final judgment as to the claims of plaintiff Rattray pursuant to Rule 54(b) of the Federal Rules of Civil Procedure—although it would be a judgment on less than all of the claims of all of the parties in this consolidated action—because the court determines that there is no just reason for delay. FED. R. CIV. P. 54(b). The court recognizes that entry of a partial final judgment pursuant to Rule 54(b) should be an exceptional circumstance and that, in the absence of a statement of reasons for doing so, review of the entry of judgment pursuant to Rule 54(b) would be speculative and less circumscribed than it would be, if the court explained its actions more fully. *See McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (citing *Little Earth of United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 738 F.2d 310, 313 (8th Cir. 1984)). Therefore, the court explains that, in the court's view, the claims of plaintiff Rattray and the remaining claims of plaintiffs Mathes and Lambert are not so interrelated as to make apparently "piecemeal" appeals inappropriate, where, for example, the plaintiffs originally filed separate lawsuits. Moreover, there are significant factual differences among the plaintiffs' claims that led the court to make different determinations on liability issues at summary judgment and to order separate trials on remaining issues. These differences also demonstrate the reasons that

---

[1] The court rejected the jury's initial verdict, *see* Verdict Form (docket no. 132), on the ground that it was inconsistent with the court's instructions.

judgment on Rattray's claims should not be delayed until disposition of the claims of the other two plaintiffs. Finally, where the entry of judgment pursuant to Rule 54(b) is the "trigger" for a motion for a new trial pursuant to Rule 59 on plaintiff Rattray's claims, entry of judgment pursuant to Rule 54(b) affords the parties and the court an efficient and economical way of addressing issues raised in Rattray's separate trial, providing a better record for any subsequent appeal of her claims. The court is also sufficiently troubled by the inconsistencies between the jury's initial verdict and their amended verdict that if a party does not move for a new trial, the court will consider granting a new trial on its own initiative pursuant to Rule 59(d).

THEREFORE, pursuant to Rule 54(b), the court directs entry of final judgment as to the claims of plaintiff Rattray, as resolved by the court's summary judgment ruling and the jury's verdict on the separate trial on her damages claims, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, because the court determines that there is no just reason for delay.

**IT IS SO ORDERED.**

**DATED** this 28th day of January, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA