**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

MAUREEN RATTRAY,

    Plaintiff,

vs.

WOODBURY COUNTY, IOWA,

    Defendant.

No. C 07-4014-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR NEW TRIAL OR REMITTITUR**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. THE TRIAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The First Verdict* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B. The Second Verdict* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*III. THE MOTION FOR NEW TRIAL* . . . . . . . . . . . . . . . . . . . . . . . . 9

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

This is a post-trial motion following a jury verdict awarding substantial damages in a civil rights "strip search" case. The major question raised involves what to make of an initial verdict that was unquestionably at odds with the jury instructions — and the jurors' attempt to cure this inconsistency, once I sent them back for further deliberations.

## II. THE TRIAL

After granting Plaintiff Maureen Rattray's Motion for Partial Summary Judgment[1] on her claim that jail employees of defendant Woodbury County, Iowa, violated her rights under the Fourth Amendment to the United States Constitution by strip searching her without reasonable suspicion, this case proceeded to jury trial, on January 18, 2011, to decide Rattray's damages, if any. Rattray and Woodbury County, Iowa, were both well represented by counsel at trial who displayed excellent preparation and trial skills. Rattray was represented by lead trial counsel, Mr. David O'Brien of Willey, O'Brien, L.C. in Cedar Rapids, Iowa, and second chair Ms. Jean Pendleton of the Pendleton Law Firm, P.C. in West Des Moines, Iowa, who did not actively participate in the trial. Woodbury County, Iowa, was represented by Mr. Douglas Phillips of the Klass Law Firm, L.L.P., in Sioux City, Iowa.

The trial was before me for a total of three days, beginning at 8:30 a.m. on January 18, 2011, and ending at 12:57 p.m. on January 20, 2011. Over the course of the trial, the jury heard testimony from fourteen different witnesses, including, but not limited to, Woodbury County Sheriff Glen Parrett, Woodbury County Assistant Chief / Deputy

---

[1] *See Rattray v. Woodbury County, Iowa*, --- F.Supp.2d ----, 2010 WL 4959897 (N.D. Iowa Dec. 1, 2010).

2

Robert E. Aspleaf, jailers at the Woodbury County jail working the night of the plaintiff's unconstitutional strip search, Sioux City attorney Mr. Alexander Esteves, and the plaintiff's psychiatrist, Dr. William Fuller. On January 20, 2011, following each counsel's effective and well presented closing argument, the jury retired to the jury room for deliberations. After deliberating for two hours, fifty-eight minutes, the jury returned to the courtroom with a verdict.

### A. *The First Verdict*

Immediately upon being handed the Verdict Form, I noticed substantial and disturbing inconsistencies. The jury had awarded significant damages — compensatory AND nominal damages in the amount of a quarter of a million dollars — in spite of specific jury instructions to the contrary.

The instructions in the Verdict Form clearly stated:

| DAMAGES FOR AN UNCONSTITUTIONAL STRIP SEARCH | |
|---|---|
| Step 1: Compensatory Damages Or Nominal Damages | What amount, if any, do you award for compensatory or nominal damages on this claim, as compensatory damages are explained in Instruction No. 7, and nominal damages are explained in Instruction No. 8? (*Only award One Dollar ($1.00) in nominal damages if you do not award other damages.*) <br> $ 5,600 for past emotional distress <br> $ 500 for future emotional distress <br> $ 3,155 for past medical expenses <br> $ 500 for future medical expenses <br> $ 250,000 for nominal damages |

Verdict Form at 1 (Docket no. 132).

Jury Instruction No. 7 - "Damages: Compensatory Damages," read as follows:

Rattray seeks compensatory damages for "emotional distress." "Emotional distress" is
- The mental or emotional pain and suffering, if any, that Rattray has experienced as a direct result of Woodbury County's unconstitutional conduct, and
- The mental or emotional pain and suffering, if any, that Rattray is reasonably certain to experience in the future as a direct result of Woodbury County's unconstitutional conduct

Damages for "emotional distress" cannot be measured by an exact or mathematical standard and do not require Rattray to present evidence of their monetary value. Thus, in deciding what sum to award as damages for "emotional distress," consider the following:
- The nature and extent of Rattray's injury
- Whether the injury is temporary or permanent
- The sum, if any, required to compensate Rattray for any emotional distress that she suffered from the time of Woodbury County's wrongful conduct until the time of your verdict (past emotional distress)
- The sum, if any, required to compensate Rattray for any emotional distress that she is reasonably certain to suffer in the future (future emotional distress), reduced to present value

> Rattray also seeks compensatory damages for medical or mental health treatment. In deciding what damages, if any, to award for medical or mental health treatment, consider the following:
> - The reasonable value of the medical, mental health, or psychiatric care reasonably needed by and actually provided to Rattray (past medical)
> - The reasonable value of the medical, mental health, or psychiatric care that Rattray is reasonably certain to need and receive in the future (future medical), reduced to present value

Jury Instruction No. 7 at 12 (Docket no. 130). Furthermore, Jury Instruction No. 8 - "Damages: Nominal Damages," stated the following:

> If you find that Rattray's damages have no monetary value, then you must return a verdict for her in the nominal amount of One Dollar ($1.00), in order to vindicate her constitutional rights.

Jury Instruction No. 8 at 14 (Docket no. 130). Notably, this instruction was repeated in the Verdict Form, which stated "Only award One Dollar ($1.00) in nominal damages if you do not award other damages." Verdict Form at 24 (Docket no. 130).

In spite of this unambiguous language, the jury awarded Rattray $5,000 for past emotional distress, $500 for future emotional distress, $3,155 for past medical expenses, $500 for future medical expenses, AND, *inexplicably,* $250,000 for nominal damages (Docket no. 132). I was very concerned that the jury had awarded both compensatory damages and a quarter of a million dollars in nominal damages when such an inconsistent verdict was clearly forbidden by my jury instructions.

In response to a jury reaching an inconsistent verdict, a court has two options: either instruct the jury to reconsider its verdict or order a new trial. Rule 49(b)(4) of the Federal Rules of Civil Procedure, states:

> ***Answers Inconsistent with Each Other and the Verdict.*** When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.

*Id*. "The purpose of such a Rule is plain, to promote the efficiency of trials by allowing the original deliberating body to reconcile inconsistencies without the need for another presentation of the evidence to a new body." *White v. Celotex Corp.*, 878 F.2d 144, 146 (4th Cir. 1989) (citing *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir. 1981)); *see Lockard v. Missouri Pacific RR. Co.*, 894 F.2d 299 (8th Cir. 1990) ("The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury. This prevents a dissatisfied party from misusing procedural rules and obtaining a new trial for an asserted inconsistent verdict." (citing *White*, 878 F.2d at 146.)).

Furthermore, the Eighth Circuit Court of Appeals has held that "[a] trial court has the power, before accepting a verdict and discharging the verdict, to permit the jury to correct the mistake." *Dickerson v. Pritchard*, 706 F.2d 256, 259 (8th Cir. 1983) (finding that the trial court properly resubmitted the inconsistent verdicts to the jury for reconsideration, after the district court realized that the original verdict form caused confusion among the jury members, "[t]he court then proceeded intelligently to attempt to correct that confusion." (citing *Rowe Int'l, Inc. v. J-B Enters., Inc.*, 647 F.2d 830, 835 (8th Cir. 1981)*; University Computing Co. v. Lykes-Youngstown Corp.,* 504 F.2d 518,

546-47 (3d Cir. 1974))). The Eighth Circuit Court of Appeals has recognized that "it is our duty to harmonize inconsistent verdicts, viewing the case in any reasonable way that makes the verdicts consistent." *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1347 (8th Cir. 1996) (citing *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963); *First State Bank v. Jubie*, 86 F.3d 755, 759 (8th Cir. 1996)), *cert. denied*, 519 U.S. 1109 (1997); *accord Bird v. John Chezik Homerun, Inc.*, 152 F.3d 1014, 1017 (8th Cir. 1998).

In pursuit of compliance with Federal Rule of Civil Procedure 49(b)(4), I requested a bench conference with defense counsel Mr. Douglas Phillips.[2] During the bench conference, I informed Mr. Phillips that I believed the jury had reached an inconsistent verdict. I explained that I was confused why the jury had awarded $250,000 for nominal damages, since it had also elected to award compensatory damages. Mr. Phillips agreed that the verdict was inconsistent in light of the jury instructions. I decided that the best way to proceed was to send the jury back into deliberations with a further oral explanation of why the verdict was inconsistent with the jury instructions and simply inform the jury to deliberate further and alleviate the inconsistency.

---

[2] Plaintiff's counsel, which included two lawyers and a legal assistant who was also a lawyer, were absent for the reading of the verdict and for this sidebar. Plaintiff's counsel had elected, surprisingly, not to be present for the reading of the verdict and had never informed me of this decision. It was not until the cell phone number for Mr. O'Brien was called by my law clerk, after the jury had notified me that they had reached a verdict, that I discovered plaintiff's counsel was gone. My law clerk was told by Mr. O'Brien that he was more than 100 miles from the Sioux City federal courthouse. Mr. O'Brien informed my law clerk that he had assumed I would take a sealed verdict under Local Rule 49 which allows for a sealed verdict in civil cases. N.D. IA. L.R. 49 ("The presiding judge may use a sealed verdict in any civil case."). However, Mr. O'Brien had never raised this matter with me beforehand and I have not taken a sealed verdict in over a decade.

7

Following my bench conference, I verbally informed the jury that the Verdict Form (Docket no. 132) was inconsistent with my jury instructions. I clarified that the jury could only award One Dollar ($1.00) for nominal damages if the jury did not award any amount for past emotional distress, future emotional distress, past medical expenses, and future medical expenses. In other words, if the jury found that no damages had been proven, then it would award One Dollar ($1.00) in nominal damages. Otherwise it could not award nominal damages. The jury was sent back to the jury room to continue its deliberations.

*B. The Second Verdict*

After deliberating mere moments — less than ten minutes — the jury returned to the courtroom with its second verdict. The amended Verdict Form, read as follows:

| | DAMAGES FOR AN UNCONSTITUTIONAL STRIP SEARCH |
|---|---|
| **Step 1: Compensatory Damages Or Nominal Damages** | What amount, if any, do you award for compensatory or nominal damages on this claim, as compensatory damages are explained in Instruction No. 7, and nominal damages are explained in Instruction No. 8? *(Only award One Dollar ($1.00) in nominal damages if you do not award other damages.)* |
| | $ 250,000 for past emotional distress |
| | $ 5500 for future emotional distress |
| | $ 3155 for past medical expenses |
| | $ 500 for future medical expenses |
| | $ _____ for nominal damages |

Amended Verdict Form at 1 (Docket no. 133). Following my reading of the verdict, I thanked the jurors and adjourned.

8

### III. THE MOTION FOR NEW TRIAL

On February 23, 2011, the defendant filed a Motion for New Trial or Remittitur (Docket no. 144). Defendant argues that the motion should be granted because the verdict is "contrary to the weight of the evidence adduced at trial, indicative of an impermissible desire to punish the defendant, and hopelessly inconsistent." *Id*. at 2. On March 4, 2011, the plaintiff filed a Resistance to Defendant's Motion for New Trial or Remittitur (Docket no. 146). In her resistance, the plaintiff argues that the defendant's motion should be denied in its entirety, because it is "pure speculation that the jury improperly failed to follow the Court's instructions and awarded punitive damages under the guise of past emotional distress." *Id*. at 5.

The decision to grant or deny a motion for new trial rests "within the sound discretion of the trial court." *United States v. Hilliard*, 392 F.3d 981 (8th Cir. 2004); *see United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002). "A new trial is only appropriate if the verdict was against the great weight of the evidence so as to constitute a miscarriage of justice." *Foster v. Time Warner Entm't Co., L.P.*, 250 F.3d 1189, 1197 (8th Cir. 2001); *see Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1010 (8th Cir. 2000); *Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 497 (8th Cir. 1998); *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995). The United States Supreme Court has determined that a new trial is permissible after the jury's findings are found to be irreconcilable. As the Court instructed: "[w]e therefore must attempt to reconcile the jury's findings, by exegesis if necessary, as in *Arnold v. Panhandle & S.F.R. Co.*, 353 U.S. 360 (1957); *McVey v. Phillips Petroleum Co.*, 288 F.2d 53 (5th Cir. 1961); *Morris v. Pennsylvania R.R. Co.*, 187 F.2d 837 (2d Cir. 1951) (collecting authorities), before we are free to disregard the jury's special verdict and remand the case for a new trial." *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963).

The Eighth Circuit Court of Appeals has "assum[ed] without deciding that inconsistent verdicts in a civil case are grounds for JAML or a new trial." *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616 (8th Cir. 2003). Other circuits have determined that inconsistent verdicts are grounds for a new trial. *See Otos Tech Co., Ltd. v. OGK America, Inc*. 295 Fed.Appx. 514, 517 (3d Cir. 2008) (holding that "[a]n internally inconsistent verdict also can be a ground for ordering a new trial." (citing *Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 734 F.2d 133, 145 (3d Cir. 1984)); *Essex v. Prince George's County Maryland*, 17 Fed.Appx. 107, 117 (4th Cir. 2001) (deciding "the proper remedy for an inconsistent verdict [is] a new trial." (*citing Atlas Food Sys. and Services, Inc. v. Crane Nat. Vendors, Inc*. 99 F.3d 587, 598 (4th Cir. 1996))). The First Circuit Court of Appeals notably held that "there exists no violation of Seventh Amendment rights where a trial judge exercises his lawful discretion in awarding a new trial where speculation and confusion are manifest in not only the verdict but the evidentiary record itself. . . . A judge should not enter judgment on a verdict where it is impossible to understand the jury's intentions. To do so would make a mockery of the Seventh Amendment right of jury trial." *Cool Light Co. v. GTE Prods. Corp.*, 973 F.2d 31, 35-36 (1st Cir. 1992) (citing *Globe Liquor Co. v. San Roman*, 332 U.S. 571 (1948); *see Montgomery Ward & Co. v. Duncan*, 311 U.S. 243 (1940); *MacQuarrie v. Howard Johnson Co.*, 877 F.2d 126, 131 (1st Cir. 1989) ("trial courts have wide discretion when considering a motion for a new trial"); 6A JAMES W. MOORE & JO DESHA LUCAS, MOORE'S FEDERAL PRACTICE ¶ 59.04[2] (2d ed. 1991)).

In light of the unfortunate and disturbing circumstances surrounding the first and second jury verdicts, I believe granting a new trial is the only action I can take to avoid

a serious miscarriage of justice.[3] My reason for ordering a new trial is that it is impossible to determine why the jury awarded $5,000 to Rattray for past emotional distress in the first verdict — and then a few minutes later — awarded $250,000 to Rattray for past emotional distress in the second verdict. The Eighth Circuit Court of Appeals has held that a new trial is proper when the award of damages is inconsistent and "it is impossible to determine what was in the jury's mind." *F & H Investment Co., Inc. v. Sackman-Gilliland Corp.*, 728 F.2d 1050, 1053 (8th Cir. 1984). In this case, there was nothing ambiguous about my jury instructions which explained that if the jury found that no damages had been proven, then it could only award One Dollar ($1.00) in nominal damages. Notably, the jury gave no indication at trial that it was confused with my jury instructions, nor did the jury send

---

[3] I am ***not*** granting a new trial because I believe the amount of the jury's award is too high. If I thought $250,000 was an outrageous award, I would order a remittitur. A remittitur is warranted "only when the verdict is so grossly excessive as to shock the conscience of the court." *Sheriff v. Midwest Health Partners, P.C.*, 619 F.3d 923, 931 (8th Cir. 2010); *see Eich v. Bd. of Regents for Cent. Mo. State Univ.*, 350 F.3d 752, 763 (8th Cir. 2003). This verdict does not shock my conscience, although I viewed the evidence quite differently than the jury's second verdict. I do not believe the plaintiff suffered emotional distress damages anywhere near the $250,000 amount awarded by the jury in the second verdict. There was substantial evidence of many other major stressors in the plaintiff's life. She had prior serious mental health issues, a totally dysfunctional relationship with her family of origin, was estranged from her mother, had a sketchy employment history, her lawyer — not her psychiatrist — diagnosed her with post traumatic stress disorder, and not a single family member (including her husband), not a single friend, not a single co-worker, not a sole person other than her psychiatrist came into court and corroborated her alleged emotional distress. However, the jury was the trier of fact, and I am unwilling to substitute my view of the evidence for their's because reasonable minds could reach dramatically different conclusions on the amount of damages based on the evidence presented. Out of deep respect for the Seventh Amendment, I will not single-handedly reduce this damage award through a remittitur. While I would not have awarded $250,000 for past emotional distress damages, I am unwilling to hold that a reasonable jury could not award this sum.

a note during deliberations asking for clarification. I am troubled that, after the jury learned it could not award Rattray $250,000 in nominal damages, it drastically increased its initial award of $5,000 for past emotional distress to $250,000 in the second verdict. It is clear to me that the jury meant the $250,000 award as something other than past emotional distress damages. It is my judgment that the jury intended the $250,000 award as punitive damages, even though they were instructed not to award them — or some other form of damages that the jury wanted to award that was not authorized by the jury instructions. There is no other reasonable explanation and none of the bevy of plaintiff's counsel have even tried to suggest one.

Regrettably for Rattray, her attorneys did not plead punitive damages, even though this was a text-book case for awarding them. Because of this — and over plaintiff's counsels' objection — I instructed the jury that they could not award punitive damages. Jury Instruction No. 6 - Damages: In General, states:

> Do not award any damages under this Instruction as punishment or out of sympathy. There is no claim for punitive damages in this case. You must not award damages to punish Woodbury County, or to deter Woodbury County or others from future unconstitutional acts. You may only award damages, if any, for injuries sustained and proved by Rattray.

Jury Instruction No. 6 at 10 (Docket no. 130).

Therefore, since there is no legally plausible explanation for the dramatic increase in emotional distress damages awarded by the jury, I believe a new trial is imperative to prevent a miscarriage of justice.[4]

---

[4] Because I am ordering a new trial, I will address one evidentiary matter that is likely to arise should there be a retrial. At trial, the plaintiff's witness, Mr. Alexander Esteves, attempted to testify about another witness, Ms. Rhonda Thomas, inappropriately
(continued…)

## IV. CONCLUSION

For these reasons, the Motion for New Trial or Remittitur filed by Defendant Woodbury County, Iowa, is **granted**. Telephonic oral arguments set for March 14, 2011 (Docket no. 145) are hereby cancelled.

**IT IS SO ORDERED.**

**DATED** this 7th day of March, 2011.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[4](…continued)
touching Rattray. Defendant objected to this testimony, as beyond the scope of the final pre-trial order, and I excluded it on those grounds as well as under Federal Rule of Evidence 613(b) because Ms. Thomas had not been offered an opportunity to explain or deny the same. In a new trial, the prejudice created by the plaintiff's attempted sneak attack to introduce this evidence will no longer be a problem. While the plaintiff failed to argue that Federal Rule of Evidence 613(b) was inapplicable because the excluded evidence may have been an admission by a party opponent and, thus, an exception to Federal Rule of Evidence 613(b), the plaintiff will now have this opportunity. Should the defense desire to take Mr. Esteves's deposition prior to a second trial, they will be allowed to do so.